■ MILLICENT WHARTON, Respondent, v 241 CORPORATION, Appellant, et al., Defendants. — Order, Supreme Court, New York County (Myriam J. Altman, J.), entered May 11, 1983, which denied defendant 241 Corporation's motion to vacate its default and for leave to serve an answer, is unanimously reversed, on the law and the facts, defendant's motion is granted and the default and judgment, entered on May 24, 1983, after inquest, are vacated, without costs. ¶ Appeal from judgment, Supreme Court, New York County (Thomas P. Flaherty, J.), entered May 24, 1983, which, after an inquest, awarded plaintiff the sum of $225,727.39 against defendant, is unanimously dismissed as nonappealable, without costs. ¶ Despite the nonappealability of the judgment entered after inquest, we note that this judgment necessarily rests upon the order of default, and upon our reversal of that order, the judgment must be vacated. ¶ On September 26, 1977, plaintiff was on her way to keep a medical appointment, when she allegedly slipped and fell on the steps leading to the office of defendant, Doctor Rafael Klapper (Klapper). This office was part of the premises known as 241 Central Park West, New York County, and had a separate entrance. The premises were owned by the 241 Corporation (241) and Klapper was one of the tenants. Approximately three years after her alleged accident, the plaintiff in September, 1980 commenced a personal injury action against defendants, 241, Klapper and Ephram Cotto (Cotto), the managing agent of the subject premises. Only defendant 241 is a party to this appeal. ¶ Pursuant to section 306 of the Business Corporation Law, plaintiff, on November 14, 1980, served defendant 241 by leaving copies of the summons and verified complaint with the New York State Secretary of State. Defendant 241 did not serve an answer. By notice of motion, dated October 28, 1982, plaintiff moved for default judgment and an inquest for the assessment of damages against defendant 241. Plaintiff's motion, which was brought almost two years after defendant 241's default in December, 1980, was untimely, as CPLR 3215 (subd [c]) states, in pertinent part: "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment". ¶ Defendant 241 Corporation claims that it first learned of the existence of the instant action in November, 1982, when it received from plaintiff's attorney, a copy of the papers submitted in support of the default motion. Despite receiving notice, defendant 241 did not respond to the motion, allegedly because defendant believed that it was defective, due to plaintiff's failure to comply with the one-year default rule. On December 19, 1982, in view of defendant 241's continuing default, Special Term granted plaintiff's motion and directed that the matter be set down for assessment of damages. ¶ Approximately one month after the entry of the default, defendant 241 moved, by order to show cause, dated March 30, 1983, to vacate its default, and to dismiss the complaint, pursuant to CPLR 3215 (subd [c]), as abandoned,

since plaintiff had not moved for a default within a year, or, alternatively, pursuant to CPLR 317, that defendant be permitted to defend the action by service of its proposed verified answer annexed to its papers, as defendant had not been served personally and allegedly has a meritorious defense. Included with defendant's papers in support of its motion was an affidavit of merits from defendant 241's vice-president. Plaintiff opposed. Special Term denied defendant's motion, upon the grounds that while it found plaintiff's delay in moving for a default excusable, it did not find that defendant was entitled to the benefit of CPLR 317, in view of the fact that "nondelivery [of the summons and complaint by the Secretary of State] was caused by the defendant itself through its failure to file a change of address. Therefore, the default is not excusable" (material in brackets added). ¶ Following the denial of defendants' motion, the plaintiff proceeded with an inquest that resulted in a judgment in favor of the plaintiff and against the defendant 241 in the sum of $225,727.39. ¶ Subsequent to Special Term's denial of relief to defendant, the Court of Appeals held in *Taieb v Hilton Hotels Corp.* (60 NY2d 725) that CPLR 317 is applicable to the nonpersonal service of process made through the Secretary of State, and if the defendant did not receive actual notice of the action in time to answer the complaint, then the defendant need show no excuse for the default, as long as the defendant has a meritorious defense. In *Taieb,* as here, the defendant corporation failed to receive copies of the summons and complaint, due to its failure to notify the Secretary of State of its proper address. Our review of the record indicates that the *Taieb* case is dispositive. We find that defendant did not receive actual notice of this action in time to answer the complaint. Further, we find defendant's affidavit of merits sufficient to create a meritorious defense. Concur — Sandler, J. P., Sullivan, Ross, Lynch and Kassal, JJ.